# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
at 2 O'clock & 01 min PM
Date 6/21/07
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 13 Case |
| JOE RICHARDSON | ) | |
| WENDY WILSON RICHARDSON | ) | Number <u>06-40347</u> |
| | ) | |
| *Debtors* | ) | |

### MEMORANDUM AND ORDER
### ON THE DEBTOR'S OBJECTION TO THE CLAIM
### OF THE FLORIDA DEPARTMENT OF EDUCATION

Along with her husband, Wendy Wilson Richardson (the Debtor) filed this Chapter 13 bankruptcy case on March 27, 2006. *See* Dckt. No. 1 (March 27, 2006). In her Schedule F - Creditors Holding Unsecured Nonpriority Claims, the Debtor listed the Florida Department of Education (the Department) as a creditor with a claim of $0.00 and noted her contention that she did not owe any money on that claim. The Debtor subsequently filed an objection to the Department's proof of claim in the amount of $2,373.45. *See* Dckt. No. 30 (August 16, 2006). The Department requested a hearing on the Debtor's objection. *See* Dckt. No. 42 (September 18, 2006). A hearing was held on January 8, 2007, in which the Debtor and the Department presented evidence and their arguments.

### FINDINGS OF FACT

At the hearing, the Department presented a proof of claim that it had filed in a bankruptcy case previously filed by the Debtor in 1998. *See* Dckt. No. 79, Ex. C-3

(January 8, 2007). Attached to that proof of claim is a promissory note entitled Florida Application/Promissory Note For a Student Loan and Loan Guarantee. The promissory note lists the applicant as Wendy W. Hubbert (the Debtor's name at that time). It also indicates that the course of study to be pursued was in "travel" at American Career Training (ACT) in Pompano Beach, Florida. The total amount of the student loan is $2,625.00. The promissory note was signed by Wendy Wilson Hubbert and dated February 13, 1987.

The Debtor contends that the promissory note is a forgery and that she does not owe any money to the Department. On direct examination, she testified that she did not apply for this loan, did not receive the money, and did not attend ACT. She stated that she never had any interest in travel and has never participated in any school or course involving travel. Furthermore, she testified that she was first put on notice of the Department's claim against her in 1999 when she received a letter from the Department in its attempt to collect on its claim. In response to that letter, the Debtor spoke to a Ms. Betty Caster, who was affiliated with the Department, and had several discussions pertaining to the loan. As for the signature on the promissory note, the Debtor admitted that it has many similarities to her own. Although she described the close resemblance of the promissory note's signature to her own as "scary," she was very certain that the signature on the promissory note was not hers.

On cross examination by the Department, the Debtor admitted that the personal information on the promissory note was accurate. This information included her social security number, date of birth, home address, telephone number, the number and ages

of her dependents, and the address and home phone number of two relatives. Furthermore, to contradict the Debtor's initial testimony that she first learned of the Department's claim against her in 1999, the Department introduced a Trustee's Report of Confirmation from the Debtor's 1998 bankruptcy case. See Id. In that report, FGLP is listed as a creditor holding an unsecured claim of $6,074.06. The Debtor admitted that the Department's claim was included in the Chapter 13 plan in her 1998 case.

The Department also provided a list of creditors from another bankruptcy case previously filed by the Debtor in 1993, which included the Department as a creditor. See Id., Ex. C-4. The Debtor's counsel argued that the existence of such a list did not prove that the Debtor had knowledge at that time that the Department had a claim against her. In her 1993 bankruptcy case, however, the Debtor's Schedule E - Creditors Holding Unsecured Priority Claims listed a claim of the state of Florida for a student loan to attend American Career Travel Training School. See Case No. 93-41332. On this entry, the Debtor stated that "this school was found to be a fraud as it did not exist" and that $2,160.00 had been paid to ACT.

## CONCLUSIONS OF LAW

A proof of claim filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The objecting party bears the initial burden of producing evidence that will support the objection, and the mere denial of the amount or validity of the claim is not enough to satisfy this burden. In re Nejedlo, 324 B.R. 697, 699

3

(Bankr. E.D. Wis. 2005). "In practice, the objector must produce evidence which, *if believed*, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (emphasis added); *see* In re United Companies Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) ("Thus, the objector must provide *credible evidence* that negates at least one of the allegations necessary for the claim's legal sufficiency.") (emphasis added). If such evidence is provided, the burden falls on the claimant to prove the claim's validity by a preponderance of the evidence, i.e., the claimant bears the ultimate burden of persuasion. Allegheny Int'l, 954 F.2d at 174.

The only evidence provided by the Debtor was her testimony at the January 8, 2007, hearing, in which she stated that she did not solicit a student loan from the Department, did not attend a course in travel at ACT, and did not sign the promissory note. These denials have been countered, however, by the Debtor's admission that all of the personal information on the promissory note is correct, including her social security number, date of birth, the number and age of her dependents, and the address and telephone numbers of family contacts. Indeed, she does not dispute the accuracy of any of this information. Furthermore, other than her own testimony, the Debtor did not provide the Court with any evidence that would support her argument that the signature on the promissory note is a forgery and not her own.

During her testimony, the Debtor stated several times that the first time she

learned of the Department's claim was in 1999. Those statements have been convincingly contradicted by the Department, however, as the Debtor admitted that the Department was included in her confirmed plan in her 1998 bankruptcy case and that she listed the Department's claim in her schedules in her 1993 bankruptcy case. In addition, at the Court's direction, the Department investigated the state's files on ACT and determined that it was headquartered in Florida and received a license for its travel school from Florida's Board of Independent, Postsecondary, Vocational, Technical, Trade and Business Schools in January 1983. The school was certified as eligible to participate in the Guaranteed Student Loan Program by the United States Department of Education in May 1985. ACT surrendered its license in mid-1990 for unknown reasons. This evidence suggests that ACT's programs were ineffective, but it also refutes any argument that ACT was a "fraud" and "did not exist."

In light of the weight of the evidence produced by the Debtor, I conclude that she has not met her burden. As a result, her objection to the Department's claim cannot be granted. *Compare* In re Summa T Corp., Int'l, 73 B.R. 388, 393-94 (Bankr. E.D. Ark. 1987) (denying the trustee's objection to a proof of claim after concluding, *inter alia*, that the testimony of the trustee's witnesses did not carry his initial burden), *with* Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (finding no error in the bankruptcy court's conclusion that the debtor had sufficiently refuted the allegations in the creditor's proof of claim, and thereby shifted the burden to the creditor, after the court found the testimony of the debtor and two other individuals to be of sufficient weight and reliability).

## **ORDER**

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtor's objection to the Florida Department of Education's claim is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 21st day of June, 2007.

AO 72A
(Rev. 8/82)